# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6151 | DATE | 2/28/2002 |
| CASE TITLE | | USA vs. POTEETE | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Poteete's Section 2255 motion is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 28 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 FEB 29 AM 3:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 6151 |
| | ) | Paul E. Plunkett, Senior Judge |
| CHARLES POTEETE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In 1998, Charles Poteete was convicted of conspiring to distribute narcotics and was sentenced to 210 months in prison and five years of supervised release. Two years later, the Seventh Circuit affirmed his conviction and sentence. He has now filed a motion pursuant to 28 U.S.C. § 2255 ("section 2255") to vacate, correct or set aside his sentence. For the reasons set forth below, the motion is denied and this case is dismissed.

### Discussion

Poteete is entitled to relief under section 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose [it], . . . the sentence was in excess of the maximum authorized by law, or [it] is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 is not a substitute for an appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled in part on other grounds, Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Consequently, Poteete cannot raise on this motion



any nonconstitutional issues that he did not raise on appeal. Id. Morever, with one exception not relevant here,[1] Poteete may not raise any constitutional issues he did not raise on appeal unless he can show: 1) cause for failing to appeal them and "actual prejudice" from his failure to do so; or 2) "that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." Id.; McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996).

Poteete's first claim is that the Court misapplied the Sentencing Guidelines to him. (See Section 2255 Mot. at 4-5.) Poteete did not raise this argument on appeal. See generally, United States v. Smith, 223 F.3d 554 (7th Cir. 2000). It is not clear that a procedurally defaulted sentencing claim can ever be raised in a section 2255 motion. See Scott v. United States, 997 F.3d 340, 341-42 (7th Cir. 1993). To the extent it can, however, it is only in "extraordinary circumstances," for example, when the error results in a "complete miscarriage of justice" and the defendant can show cause for failing to raise it on appeal. Id. There are no extraordinary circumstances in this case. Poteete has offered no explanation for failing to raise his Guidelines claim on appeal and has not demonstrated that the Court made any error, let alone one that constitutes a "complete miscarriage of justice." Accordingly, Poteete's Guidelines claim must be dismissed.

Poteete's second claim is that his sentence is unconstitutional under the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). (See Def.'s Reply Section 2255 Mot. at 1-2.) The Apprendi Court held that "any fact [other than prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The default statutory maximum for operating a cocaine

---

[1] Ineffective assistance of counsel claims that are dependent on evidence outside the trial record may be raised for the first time in a section 2255 motion. United States v. Alcantar, 83 F.3d 185, 191 (7th Cir. 1996).

conspiracy, a schedule II drug, is twenty years imprisonment. 21 U.S.C. §§ 812, 841(b)(1)(C), 846. Poteete was sentenced to 210 months, or seventeen and one-half years, in prison. Because Poteete's sentence is not in excess of the default statutory maximum, Apprendi does not apply. Talbott v. Indiana, 226 F.3d 866, 869-70 (7th Cir. 2000) ("Apprendi does not affect the holding of Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475, 140 L. Ed.2d 703 (1998), that the judge alone determines drug types and quantities when imposing sentences short of the statutory maximum.")

Even if Apprendi were applicable to his sentence, Poteete's claim would still fail because he did not raise this argument in his direct appeal. As a result, we could reach the merits of his claim only if he could demonstrate cause for and prejudice from failing to raise it earlier. United States v. Smith, 241 F.3d 546, 548 (7th Cir.), cert. denied, 122 S. Ct. 267 (2001). Though Apprendi was not decided until after his appeal was briefed and argued, that did not preclude Poteete from raising the argument. In the words of our court of appeals, "the lack of precedent for a position differs from 'cause' for failing to make a legal argument." Id. Had there been no reasonable legal basis for Poteete to make an Apprendi-type argument on appeal, his failure to do so would be excused. Id. But, as the Seventh Circuit noted,

> [o]ther defendants had been making Apprendi-like arguments ever since the Sentencing Guidelines came into being, and in McMillan v. Pennsylvania, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed.2d 67 (1986), the Court addressed on the merits an argument along similar lines. [Poteete] could have invoked the themes in McMillan, and for that matter In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), just as the Justices themselves did in Apprendi.

-3-

Id. Because there was ample legal basis for Poteete to have raised an Apprendi-like claim in his direct appeal,[2] his failure to do so would bar us from considering that claim now, even if Apprendi applied to his sentence.

## Conclusion

For the reasons set forth above, Poteete's section 2255 motion is denied and this case is dismissed.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 2-28-02

---

[2] In fact, Poteete's co-defendants McCain, Moore, Ellis and Wilson raised such claims in their appeals. See Smith, 223 F.3d at 562-66.